E.    Perpetration of "Robbery" or its "conspiracy" by
Defendants

1.    By 720 ILCS 5/18-1 "Robbery" and penalty for it are
defined as follows:

(a)  A person commits Robbery when he or she takes
property, ..., from the person or presence of another
by the use of force or by threatening the imminent use
of force.

(b)  sentence: Robbery is a class 2 felony ...

2.    According to 720 ILCS 5/15-1 "property" means
anything of value. Property includes ... samples,
cultures, microorganism, specimens, ...

3.    720 ILCS 5/15-9 states "value" of property con-
sisting of any commercial instrument ... concerning
anything of value, labor, or services, or otherwise
of value to the owner shall be.

4.    offense of robbery is complete when force or
threat of force causes the victim to part with pos-
session or custody of property against his will. People
v. Shaw, 239 Ill. Dec. 311, 713 N.E.2d 1161, 186 Ill. 2d
301.

5.    prisoners' DNA is their personal "property" and is of
"value" to them as DNA of every person, including but
not limited to law enforcement officers and correctional
officers, is their personal property and is of value for them.

6.    Collection of DNA sample from convicted prisoners

Page 31 of 59

in the custody of IDOC is governed by 730 ILCS 5/5-4-3.

7.     Prisoners in the custody of IDOC whose conviction was not for a qualifying offense, were not required by 730 ILCS 5/5-4-3 to provide their DNA sample for genetic marker group unless a date was due for their final discharge or release on parole or mandatory supervised release.

8.     For the purpose of Genetic marker group testing plaintiff's conviction was not for a "qualifying offense" as described in 730 ILCS 5/5-4-3(2004)

9.     There was no date due for plaintiff's final discharge or release on parole or mandatory supervised release when his DNA samples were taken on 12-29-04 and on 1-12-05 against his desire after hand-cuffing him.

10.     On 12-29-04 and 1-12-05 Plaintiff was robbed of his property (DNA) by Defendant JOHN DOE IX because under 730 ILCS 5/5-4-3 plaintiff was not required to provide his DNA sample for the purpose of genetic marker group testing.

11.     On 12-29-04 and on 1-12-05 both Plaintiff's DNA was taken against his desire after hand-cuffing him.

12.     Robbery of DNA of plaintiff and other prisoners, who were not required by 730 ILCS 5/5-4-3 to provide their DNA sample, was authorized by Director

Walker and his staff at the Springfield, wardens of all IDOC facilities including by wardens Bailey, Walls, McAdory, Hinsley, and Uchtman.

13. Robbery of Plaintiff's DNA was ordered by Major Jaenke, CIDT DIERCKS and LT. C. Parnell.

14. CIDT DILLMAN, LT JOHN DOE X and LT JOHN DOE XI, Ms. Maue, LT WILSON, ANDREW N, Mr. Locke, Michael R, Major Martin, C/O Jessy Goforth, JOHN DOE V, JOHN DOE XI, and Mr. Fairchild all agreed to the robbery of DNA of Plaintiff and other prisoners.

15. For failure of Plaintiff to provide his DNA sample voluntarily he was given following punishments:

    a. 3 month C Grade

    b. 3 months segregation

    c. 3 months commissary restrictions

    d. 3 months Audio/Visual restriction

    e. 1 month Yard restriction

    f. Restitution of $1.48 paid to MCC for the false charge of ruining Buccal swab kit.

16. g. Plaintiff also suffered mental frustration and emotional distress.

17. On 12-29-04, Plaintiff was escorted by Lieutenants C. Parnell, John Doe X, and by John Doe XI from the office of Bureau of Identification to Health care

unit of mcc in hand cuffed position for the purpose
of taking involuntary DNA sample of Plaintiff.

18.    After involuntary DNA blood was taken from Plaintiff
he was escorted from Health care Unit to segre-
gation unit by John Doe x1

G.    Violation of "Due process of law" and conspiracy for it by Defendants.

1.    Under substantive due process no person can be deprived of by any state of his life, liberty and property without a justified cause, no matter what procedure is used by the state for deprivation.

2.    Perpetration of Robbery of Plaintiff's property "DNA" by Defendants mentioned in section F (pp 31-34 ) violated Plaintiff's rights under substantive due process of law.

3.    Perpetration of conspiracy of Robbery of Plaintiff's Property "DNA" by Defendants mentioned in section F (pp 31-34 ) was conspiracy of violation of Plaintiff's right under substantive due process of law.

4.    Under procedural due process
    a.    no person can be deprived by any state of his life, liberty, or property without due process of law;
    b.    In the absence of an immediate necessity of quick action whenever it is practically possible Due Process of law requires state to provide, before deprivation, a notice and an opportunity of hearing at a reasonable time and

in a reasonable manner, to the deprivant.

5.    Notice at a reasonable time means that before hearing the deprivant be given reasonable amount of time and opportunity to collect evidences necessary for his defense to each charge alleged against him in the notice.

6.    Opportunity of hearing in a meaningful manner means the deprivant be given a reasonable opportunity to present at hearing all the evidences relevant to his defense why he should not be deprived of his life liberty or property.

7.    The purpose of procedural due process is to protect individuals from deprivation by states to their life, liberty, and property without a justified cause even by mistake.

8.    On 12-29-04 Plaintiff was deprived of his liberty and his property by placing him in the segregation unit of MCC by Defendants, without any notice of charges against him.

9.    At that time on the record aggression level of Plaintiff was 5 which is considered low.

10.    Plaintiff had no history of any aggressive behavior during his entire stay in IDOC facilities.

11.    There was no necessity of any quick and immediate action of confinement of Plaintiff.

in the segregation unit without his property when he had refused to provide his DNA sample volun- tarily without consulting his attorney first.

12. Notice of charges doc SMA-526 was never shown or served to Plaintiff as fraudulently stated by Ms. WITTHOFT in it.

13. Plaintiff was served notice of charges against him (doc SMA-506) more than 35 hours after he was placed into segregation unit.

14. Plaintiff never received any notice about the date and time of hearing for the charges against him.

15. Plaintiff was given no opportunity to obtain and present evidences in evidentiary hearing requested by him for his defense.

16. The sole purpose of quick and immediate con- finement of Plaintiff in segregation unit was to disable him from obtaining any evidence of his innocence to present at evidentiary hearing.

17. If due process had been followed then Plaintiff would have been found not guilty of all the charges against him by an impartial jury.

18.a The procedure used by Defendants for deprivation of liberty and property of Plaintiff violated due process of law.

b. All charges and witness in doc SMA-506 & SMA-526 were false.

Page 37 of 59

19.   The same confinement procedure is commonly used for confinement of all prisoners at IDOC facilities specially at MCC.

20.   The state purpose of using this procedure is to keep segregation unit nearly full all the time.

21.   Defendants are aware that this procedure violates due process of law.

22.   The procedure used for confinement of Plaintiff and other prisoners in segregation unit had been authorized by Warden Director Walker and by wardens of IDOC facilities including but not limited to by warden Uchtman.

23.   Plaintiff's right under procedural due process was violated by Defendants Major Jaenkee, Major Maue, Major Martin, LC. C. Parnell, LC John Doe XI, Mr. Wilson, Andrew N. and by Cocke, Michael R.

24.   Defendants Grievance officer Veesy Go forth, John Doe V, John Doe VI, Ms. Fairchild and John Doe I, all agreed for violation of Plaintiff's right under due process of law.

25.   As a result of violation of Plaintiff's right under under due process of law Plaintiff suffered injuries mentioned in section E. ¶¶ 15, 16 ( pp. 33 ).

26.   The normal and routine procedure used for confinement of Plaintiff has been authorized by Director Walker and by the warden Uchtman.

H. obstruction in plaintiff's effort to exhaust Administrative grievance procedure and conspiracy for it by defendants.

1. under Prison Litigation Reform Act (PLRA) all prisoners are required to exhaust available administrative grievance procedure before filing any civil lawsuit against prison employees in state and/or federal courts.

2. The purpose of this requirement was to reduce expensive and unnecessary lawsuits against department employees, for their misconduct and for violation of legal rights of prisoners, which can be easily and quickly resolved through grievance procedure by higher level administration in a reasonable manner.

3. This requirement of PLRA is being widely used by rpac administration for taking affirmative defence of prisoner plaintiff's failure to exhaust administrative grievance procedure in civil lawsuits filed by prisoners against department employees by creating as many as possible obstacles as possible in prisoners' effort to exhaust administrative grievance procedure.

4. During 11-01 to 11-15-01 on average 350 - 400 grievance per month were filed by prisoners at

scc facility and more than 94% of these
grievances were never ruled by any one
and Warden Bailey was fully aware of it

5.    During 2002 to 2005 uncountable number of
prisoners' grievances were not ruled at all and
all the wardens of mcc facilities were aware of
it

6.    Director Walker is fully aware of these
practices and has his authorization for it

7.    Plaintiff's grievances dated 2-27-04, and
7-11-04 were destroyed by Counselor Lawrence

8.    copies of these grievances and her responses
to these grievances from grievance office
record were destroyed by GO Debi Middendorf

9.    Destruction of prisoners' grievances by counselor
Lawrence, and other counselors and grievance officers
was authorized by wardens McAdory, Hinsley and
Uchtman and by Director Walker.

10.   Defendants Tyone Murray, Fairchild, John Doe
I, John Doe III, John Doe IV, John Doe XI and
John Doe VIII were all agreed with destruction of
plaintiff's grievances by counselor Lawrence and
by Grievance officer Debi Middendorf.

11.   As a result of these actions and conspiracy
plaintiff incurred substantial unnecessary
grievance and complaint related expences of frustration.

J.   Violation of Department Rule and Conspiracy
     for it by Defendants.

1.   "Department Rule 504.810 a) states
     A committed person shall first attempt to
     resolve incidents, problems, or complaints
     other than complaints concerning disciplinary
     proceedings through his or her counselor. If a
     committed person is unable to resolve the
     complaint informally or if the complaint
     concerns a disciplinary proceeding, the indi-
     vidual may file a written grievance on a
     grievance form which shall be made available
     in all living units. A grievance shall be filed
     within 6 months after the discovery of the
     incidendent, occurrence, or problem which gives
     rise to the grievance or within 6 months after
     the receipt of a decision concerning an informal
     resolution thereof. However, if the committed
     person can demonstrate that a grievance was
     not timely filed for good cause, the grievance
     shall be considered." (emphasis added).
                          See doc. SMA-523 419

2.   Department Rule 504:830 d) states
     "The Grievance officer shall consider the grievance
     and report his or her findings and recommen-

dations in writing to the Chief Administrative officer within 30 days after the grievance is received by the officer, whenever possible. The chief Administrative officer shall advise the committed person of the decision in writing within 15 days whenever possible."

See doc. SMA-419

3.    Reasonable time for delivery of institutional mail from prisoner to a staff member of his facility is one working day.

4.    Reasonable time for delivery of U.S. mail from prisoner to a staff member of his facility is two working days or less.

5.    Receipt of plaintiff's grievance dated 1-23-05 mailed on 1-23-05 was acknowledged by GO Jerry Goforth on 2-4-05, 12 days after it was mailed by plaintiff.

6.    This grievance was ruled by GO Goforth on 6-22-05, 138 days after he had acknowledged receipt of plaintiff's grievance.

7.    It was reasonably possible for GO Goforth to submit his report to CAO within the time-frame specified in Department Rule 504.830 d).

See doc. SMA-292

8.    Receipt of plaintiff's grievance dated 1-31-01

mailed on 1-31-01 was acknowledged by Grievance office on 2-6-01, 6 days after it was mailed by plaintiff.

9      Even though this grievance was available in her office, existence of this grievance was denied by GO Georgia Schonauer.

10.    Georgia Schonauer has history of denying existence of prisoners' grievances in her office.

11.    Plaintiff's grievance dated 1-31-01 was ruled by GO Ruffin on 9-20-01, 226 days after the grievance receipt was acknowledged by Grievance office.

12.    It was reasonably possible for GO Schonauer, and GO Griffin to ~~rule~~ submit their report to CAO within timeframe specified in Department Rule 504.830 d).

                        see doc. SMA-20

13.    Grievance officers have been authorized by Director Walker, and by IDOC facility wardens, including but not limited to by wardens Bailey, McAdory, Hinsley and Uchtman to rule or not to rule at all inmate grievances whenever they want.

14.    This authorization violates Department Rule 504.830 d)

15.    Mr. John Doe I, John Doe II, John Doe III,

                        Page 43 of 57

John Doe IV, John Doe VI, John Doe VIII, Ms. Fairchild, and AWP Catching all agreed to the violation of Department Rule 8504.830 d) by Defendants and by other Grievance officers.

16.    As a result of this conspiracy Plaintiff has incurred substantial additional unnecessary expenses in exhaustion of administrative grievance procedure and in litigation.

17.    Full extent of Plaintiff's injury is not yet known.

E. violation of equal protection of law and conspiracy for it by Defendants

(a) The fourteenth Amendment to U.S. constitution forbid forbids a state to "deny any person within its jurisdiction the equal protection of laws"

(b) Constitution of Illinois also forbids unequal treatment of similarly situated persons.

2. The equal protection of law forbids discrimination or unequal treatment of similarly situated persons if unequal treatment has no rational relationship with any legitimate governmental interest.

3. When his opponent plaintiff is not a prisoner and if he is represented by a competent and diligent attorney then (a) Mr. Lambertson does not make fraudulent statements to court and (b) he does not initiate or involve in conspiracy for any illegal conduct with his clients.

4. Mr. Lambertson has made fraudulent statements mentioned in ¶ B.2 (pp 14-15) to the court; (b) he has conspired with chaplain Keim, and his clients chaplain Peterson and warden Briley to sign affidavits prepared by Mr. Lambertson with fraudulent statements mentioned in paragraph B.3 (pp 15-16); (c) and he had initiated the

Page 45 of 59

conspiracy mentioned in section E for violation
of plaintiff's right to exercise his religion.

5.     By these actions of Mr. Lambertson plaintiff
was treated differently than those mentioned in
paragraph 3 of this section because plaintiff
was pro se and he was in the custody of IDOC
and Mr. Lambertson had substantial influence on
IDOC officials.

6.     This difference in the treatment of plaintiff had
no rational relationship with any legitimate
governmental and/or penological interest

7.     All plaintiff's are similarly situated.

8.     Chaplain Keim, Chaplain Peterson, and
warden Bailey all agreed with Mr. Lambertson
to sign affidavits with fraudulent statements to
be submitted to the court.

9.     Mr. Lambertson has violated plaintiff's right
for equal protection under state and federal
constitution.

10.     Mr. Lambertson, Chaplain Keim, Chaplain Peterson,
and warden Bailey ~~to~~ have participated in the
conspiracy to violate plaintiff's rights ~~to wa~~ under
equal protection of law provided by state and
federal constitution.

federal constitution.

11.     Plaintiff (a) has incurred substantial unnecessary litigation expenses; (b) has suffered pain of hunger, mental frustration and emotional distress.

12.     Full extent of the injury is not yet known to Plaintiff.

13.     While Defendants mentioned in section "E" conspired to force Plaintiff, without any legal authority, to provide his DNA specimen for the purpose of genetic marker group analysis, prison staff was not required to provide DNA specimen for the purpose of genetic marker group analysis.

14.     For the purpose of genetic marker group analysis, Plaintiff and prison staff were similarly situated.

15.     By actions of Defendants mentioned in section "E" Plaintiff was treated differently and there was no rational basis for dissimilar treatment of Plaintiff.

16.     Director Snyder, Director Walker, and wardens of IDOC facilities, including but not limited to wardens Bailey, McAdory, Ainsley, Uchtman, were deliberately indifferent to violation of legal rights of prisoners including Plaintiff by their staff, but they were very vigilant to protect legal rights of

prison employees.

17.     With regard to violation of available legal rights, prisoners and prison staff are similarly situated.

18.     Dissimilar treatment of plaintiff and other prisoners with regard to violation of available legal rights has no rational relationship with any legitimate governmental or penological interest.

6.    Perpetration of "official misconduct" and conspiracy for it by Defendants.

1.    720 ILCS 5/33-3 states A public officer or an employee commits a misconduct when, in his official capacity, he commits any of the following acts:

(a) Intentionally or recklessly fails to perform any mandatory duty as required by law; or

(b) knowingly performs an act which he knows he is forbidden by law to perform; or

(c) with intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; or

(d) solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law.

2.    A public officer or employee convicted of violating any provision of this section forfeits his office or employment. In addition he commits a class 3 felony.

3.    Forgery, fraud, or extortion with threat, robbery, violation of Department rules, violation of legal rights of Plaintiff, obstruction in grievance procedure by Defendants mentioned

(a)

in previous sections, were all official
misconducts; (6) conspiracy for these conducts
was conspiracy of official misconduct

4.    All forementioned conspiracies are part of an
ongoing grand conspiracy of official misconduct
for violation of legal rights of prisoners, and for
violation of Department rules

5.    By IDOC administration its employees are given
full freedom to treat prisoners in whatever manner
they want whenever they want with no accountability
for their official misconduct for violation of
legal rights of prisoners, or Department Rules

6.    In general there is no difference in the
criminal mentality of prisoners and staff

7.    Department of corrections is serving one single
purpose to provide job to family members, friends,
of IDOC employees and to election compaign
contributors to do as little work as they want at
salary and wages they cannot receive elsewhere.

8.    To serve this purpose anti-rehabilitational practice
and policies are promoted at correctional facilities

9.    Criminal minded staff and criminal minded
administration is encouraging criminal mentality
at among its residents.

10.   Like father like son. Like warden like wards,
a tree is best recognized by its fruits.

11.    Various kind of official misconduct such as
forgery, fraud, abuse and/or misuse of tax payers
money, violation of legal rights of prisoners,
violation of Department Rules etc and conspiracy
for these offenses are normal and routine way
of doing everyday business behind the closed
walls of IDOC prison facilities.

## VI  CLAIM OF RELIEF

1.  The acts, omissions, and conduct of Defendants Director Walker, Director Snyder, Warden McAdory, Warden Tinsley, Warden Bailey, Warden Uchtman, AWP Catching, Assistant Attorney General of Illinois Ms. Cambertson, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe V, John Doe VI stated in section VA were done maliciously and constituted forgery, official misconduct and/or conspiracy of these offenses in violation of 42 U.S.C. §§ 1985, 1986

2.  The acts, omissions, and conduct of Defendants Cambertson, Bailey, Chaplain Peterson, Chaplain Keim and Davis stated in section VB were done maliciously and constituted fraud, official misconduct and/or conspiracy of these offenses in violation of 42 U.S.C. §§ 1985, 1986

3.  The acts, omissions, and conduct of Defendants Cambertson, John Doe VII stated in section VC were done maliciously and constituted extortion with threat, and official misconduct, and/or conspiracy of these offenses in violation of 42 U.S.C. §§ 1985, 1986

4.  735 ILCS 5/13-202.1 violates equal protection clause of XIV Amendment to U.S. Constitution.

5.    The acts, omissions, and conduct of Defendants Director Walker, Director Snyder, Warden McAdory, Warden Hinsley, Warden Uchtman, Warden Briley, Mr. Lambertson, Chaplain Peterson, Chaplain Keim, AWP Spiller, Mr. Winters, GO Middendorf, Counselor Lawrence, Mr. Fairchild, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe VIII stated in section V. E. were done maliciously and constituted violation of Plaintiff's right to exercise his religion under state and Federal constitution, RFRA, and RLUIPA and official misconduct and/or conspiracy of these offenses in violation of 42 U.S.C. §§ 1985, 1986.

6.    The acts, omissions, and conduct of Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Warden Briley, Mr. Fairchild, Warden Walls, Major Jaenke, Mr. Diercks CIDI, CC Parnell, Mr. Wilson, Mr. Cocke, Major Martin, Major Maue, GO Goforth, John Doe I, John Doe V, John Doe VI, John Doe IX, John Doe X, John Doe XI, stated in section V. E. were done maliciously and constituted Robbery and official misconduct and/or conspiracy of these offenses in violation of 42 U.S.C. §§ 1985, 1986.

7.    The acts, omissions, and conduct of Defendants Director Walker, Warden Uchtman, Ms. Fairchild, Major Jaenke, CC Parnell, Ms Wilson, Ms. Cocke, Major Martin, Major Maue, GO Goforth, John Doe I, John Doe V, John Doe VI, John Doe XI stated in section V. G. were done maliciously and constituted violation of Due process, official misconduct, and/or conspiracy for these offenses in violation of 42 U.S.C. §§ 1985, 1986.

8.    The acts, omissions, and conduct of Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Counselor Lawrence, GO middendorf, Ms. Fairchild, GO Murray, GO Schornauer, John Doe I, John Doe III, John Doe IV, John Doe VI, John Doe VIII STATED IN SECTION V.H. were done maliciously and constituted obstruction in justice, official misconduct, and/or conspiracy for these offenses in violation of 42 U.S.C. §§ 1985, 1986.

9.    The acts, omissions, and conduct of Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Warden Bailey, Ms. Fairchild, GO Goforth, GO Schornauer, GO Ruffin, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe VI, AWP Calching, John Doe VIII stated in section V.J. were done maliciously, and constituted violation of Department Rule, official misconduct, and/or

Page 54 of 59

conspiracy of these offenses in violation of 42 U.S.C. §§ 1985, 1986.

10. The acts, omissions, and conduct of Defendants Director Walker, Warden McAdory, Warden Tinsley, Warden Uchtman, Warden Briley, Mr. Fairchild, Warden Walls, Major Jaenke, Mr. Dierchs CIDI, major Maue, GO Goforth, CC Parnell, Mr. Wilson, Mr. Cocke, major Martin, chaplain Keim, Chaplain Peterson, Mr. Lambertson, John Doe I, John Doe V, John Doe VI, John Doe IX, John Doe X, John Doe XI, stated in sections V B, E, and E were done maliciously and constituted official misconduct, violation of equal protection of law and/or conspiracy for these offenses in violation of 42 U.S.C. §§ 1985, 1986.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff requests that following relief be granted by the court:

A.  Issue a declaratory judgment stating that:

1.  Defendants Director Roger E. Walker Jr., Director Donald N. Snyder Jr., Warden Eugene McAdory, Warden Charles L. Hinsley, Warden Kenneth R. Bailey, Warden Alan Uchtman, A.W.P. Catching, Assistant Attorney General of Illinois Andrew W. Lambertson, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe V, and John Doe VI have violated 42 U.S.C §§1985, 1986 by conspiracy of forgery and official misconduct for violation of legal rights of Plaintiff

2.  Defendants Kenneth R. Bailey, Andrew W. Lambertson, Chaplain Peterson, and Anthony Davis AND CHAPLAIN KEIM have violated 42 U.S.C §§1985, 1986 by conspiracy of fraud and official misconduct for violation of legal rights of Plaintiff. In addition Mr. Lambertson has committed perjury.

3.  Defendants Andrew W. Lambertson, and John Doe VII have violated 42 U.S.C §§1985, 1986 by conspiracy of extortion with threat.

4.  Statute 735 ILCS 5/13-202.1(a) violates equal protection of law

5. Defendants Director Walker, Director Snyder, Warden McAdory, Warden Hinsley, Warden Uchtman, B. Warden Bailey, Ms. Lambertson, Chaplain Peterson, Chaplain Keim, AWP ~~meeting~~ Spiller, Ms. Winters, GO Middendorf, Counselor Lawrence, Ms. Fairchild, John Doe I, John Doe II, John Doe III, John Doe IV, ~~and John Doe VI~~ and John Doe XIII have violated 42 U.S.C. §§ 1985, 1986 by conspiracy for misconduct and for violation of civil rights of plaintiff.

6. Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Warden Bailey, Ms. Fairchild, Warden Walls, Major Jaenke, Ms. Diercks C.L.O.T., CC Parnell, Ms. Wilson, Ms. Cocke, Major Martin, Major Maue, Grievance officer Goforth, John Doe I, John Doe V, John Doe VI, John Doe IX, John Doe X, John Doe XI have violated 42 U.S.C. §§ 1985, 1986 by conspiracy for robbery and for official misconduct for violation of legal rights of plaintiff.

7. Defendants Director Walker, Warden Uchtman, Ms. Fairchild, Major Jaenke, CC Parnell, Ms. Wilson, Ms. Cocke, Major Martin, Major Maue, Grievance officer Goforth, John Doe I, John Doe V, John Doe VI, John Doe XI have violated 42 U.S.C. §§ 1985, 1986 by conspiracy for official misconduct and for violation of due process of law.

Page 57 of 59

8. Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Counselor Lawrence, Grievance officers Middendorf, Mr. Murray, Mr. Schoenauer, Ms. Fairchild, John Doe I, John Doe III, John Doe IV, John Doe VI, John Doe VIII have violated 42 U.S.C. §§ 1985, 1986 by conspiracy for official misconduct and for obstruction in justice by obstruction in plaintiff's effort to exhaust administrative grievance procedure.

9. Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Warden Bailey, Ms. Fairchild, GO Goforth, GO Schoenauer, GO Ruffin, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe VI, AWP Catching, John Doe VII have violated 42 U.S.C. §§ 1985, 1986 by conspiracy for violation of Department Rules and for official misconduct for violation of legal rights of plaintiff.

10. Defendants Director Walker, Warden McAdory, Warden Hinsley, Warden Uchtman, Warden Bailey, Ms. Fairchild, Warden Walls, Major Jaenke, CUP Dreacks, Major Meue, GO Goforth, Lt. Parnell, Ms. Wilson, Ms. Cocke, Major Martin, Chaplain Keim, Chaplain Peterson, Ms. Comberison, John Doe I, John Doe V, John Doe VI, John Doe IX, John Doe X, John Doe XI have violated 42 U.S.C. §§ 1985, 1986, by conspiracy

for official misconduct and for violation of plaintiff's rights under equal Protection of law.

B.   Award nominal, compensatory, and punitive damages as determined by Jury at trial.

C.   Grant such other relief as it may appear Plaintiff is entitled.

I declare under the penalty of perjury that all the documents attached with this complaint are genuine copy of original documents and all the facts stated in this complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Date: 10-20-05   Signed: Shree Mohan Agrawal

(Plaintiff)

ID#: K-69774

Address: Menard correctional Center.

P.O. Box 711

Menard, IL 62259