ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: 11/14/01    Date of Review: 11/22/01    Grievance # (optional): 212

Committed Person: Shree M. Agrawal    ID#: K69770

Nature of Grievance: Business/Trust Fund - Commissary

Facts Reviewed: Grievant complains that commissary has displayed despair treatment in not allowing him to purchase a calculator that was sold to other inmates.

The items were removed from the commissary list because the graphic calculators have computer hookup availability and will no longer be sold. The list of items sold by commissary is generated by the Director's Office and is outside the jurisdiction of this facility.

Recommendation: Grievance denied

Carmen Ruffin
Print Grievance Officer's Name
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

Grievance Officer's Signature

| Chief Administrative Officer's Response |
|---|

Date Received: 11/28/01    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

Kenneth C. Bartley 24
Chief Administrative Officer's Signature                    11/28/01
                                                            Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Shree Mohan Agrawal        K69770        12-19-2001
Committed Person's Signature    ID#        Date

SMA-20

File



**George H. Ryan**
Governor

## Illinois
### Department of
## Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

March 18, 2002

Shree M. Agrawal
Register No. K69770
Menard Correctional Center

Dear Mr. Agrawal:

This is in response to your grievance received on February 15, 2002, regarding Business/Trust (denied purchase of Graphic Calculator at Commissary), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated November 22, 2001 and approval by the Chief Administrative Officer on November 28, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:  Warden Jonathan R. Walls, Menard Correctional Center
     Shree M. Agrawal, Register No. K69770
     Chron. File

     SMA - 22

DATE: 12-3-01

TO: Agrawal k109770                    CELL

FROM:   Personal Property Officer      EMPLOYEE'S SIGNATURE

SUBJECT:  DISPOSAL OF PROPERTY         12-3-01
                                       DATE

The below listed items are being held in the Property Office. You have 60 days to take one of the following courses of action.

(A) I will have a visitor pick up the item(s) by ___2-3-01___. The visitor's name and address are:_____

_____

_____
                              Inmate's Signature

(B) I am enclosing a voucher payable to the Stateville Correctional Center for an amount to be determined to cover shipping expenses. The item shall be sent to:

          NAME       _____
          ADDRESS    _____
          CITY & STATE_____
          ZIP CODE   _____

_____
                              Inmate's Signature

(C) I relinquish the property and authorize its destruction or subsequent reissue as a "State Loan" item.

  * see below please          Shree Mohon Agrawal
_____
                              Inmate's Signature

(D) I have filed a grievance regarding this matter on _____
                                                              DATE

_____
                              Inmate's Signature

          FAILURE TO RESPOND TO THIS NOTICE WILL RESULT IN DISCIPLINARY ACTION

PROPERTY: Orladeo Razor w/trimes

_____

SMA-101    _____

xc: File        * If possible please destroy its trimmer portion and
IL426-12444, DCA 2606  re-issue the rest as a "state loom" to me.
                Thank you.                    Shree Mohon Agrawal
ease let me know of your decision

## GRIEVANCE OFFICER'S REPORT

Date Received:   6/11/01                    Date of Review:   9/20/01

Committed Person:   Shree M. Agrawal                              Number:   K69770

Nature of Grievance:   Religion – Diet

Facts Reviewed:   The grievant complains he has not been allowed to practice the Hindu Diet relative to his religious practice.

Counselor response indicates Mr. Agrawal was advised on 4/17/01 per Chaplain Peterson he needed a letter proving he practices the
Hindu faith and that a vegetarian diet are a requirement of that faith. The inmate has provided no documentation. Also a
request has been made to the Religious Practice Advisory Board regarding this particular religious practice.

Recommendation:   No action as it appears this issue has been addressed.

Grievance Officer:   _Carmen Ruff_                    Carmen Ruffin
                          Signature                              Print Name

---

### CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received:   _9-21-01_    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

_Kenneth R. Bale_                         _9-21-01_
          Chief Administrative Officer                          Date

---

### COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this
appeal must be submitted within 30 days of the Chief Administrative Officer's decision.

_Shree Mohan Agrawal_                    _October 14, 2001_
          Committed Person's Signature/Number                          Date

DC 5657       Copy: Original to the Master File Inmate Agrawal          ADMINISTRATIVE REVIEW BOARD
IL 426-17343                                    File                    1301 Concordia Court, P.O. Box 19277
                                                                        Springfield, IL 62794-9277

Side 2

_Please also see enclosed letter_
_SMA-278-A_
_279_



**Illinois
Department of
Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 25, 2002

Shree M. Agrawal
Register No. K69770
Menard Correctional Center

Dear Mr. Agrawal:

This is in response to your grievance received on October 22, 2001, regarding religious diet (Hindu), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated September 2, 2001 and approval by the Chief Administrative Officer on September 21, 2001 have been reviewed.  This office contacted Chaplain Peterson at Stateville who indicated you have not provided the requested documentation with regard to your religious affiliation.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD:

Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Donald N. Snyder, Jr.
Director

cc:    Warden Jonathan R. Walls, Menard Correctional Center
Shree M. Agrawal, Register No. K69770
Chron. File

SMA - 222

RECEIVED
SEP 0 3 2004
OFFICE OF INMATE ISSUES

GUIDELINES AND STIPULATIONS OF THE RELIGIOUS DIET PROGRAM.

I _SHREE AGRAWAL_ _____ _K 6977Ø_ _____ _SC-1-33_ _____
   Name _____ Number _____ Cellhouse

Do hereby request to participate in the Religious Diet Program at the Menard
Correctional Center.

I declare that I am a/an _____ _HINDU (vaishnava)_ _____ requesting to receive a
_____ (RELIGION)
_VEGETARIAN_ _____ diet in accordance with the tenets of my declared faith.
(VEGAN, VEGETARIAN, KOSHER)

I affirm that the Senior Chaplain will be provided with adequate documentation from a
legitimate outside religious authority that will verify my claim as a/an _HINDU_
_(VAISHNAVA)_ _____ with a special dietary consideration being a basic tenet of
   (religion)     _I DO NOT KNOW ANY LEGITIMATE OUTSIDE RELIGIOUS_
my faith. _AUTHORITY PERSONALLY WHO CAN TRUTHFULLY PROVIDE THIS_
_VERIFICATION. I AM OPEN TO BE INTERVIEWED BY ANYONE FOR_
_THIS VERIFICATION.   Shree mohon Agrawal_

I do understand that, if the Senior Chaplain does not receive the required information
from a legitimate outside religious authority, I will not be authorized or approved for any
type of special dietary consideration for my religious beliefs.
_____ _K-6977Ø_ _____ _6-24-2004_ _____
Name _____ Number _____ Date
_IF NOT APPROVED IN TEN DAYS, GRIEVANCE SHALL BE FILED. Shree mohon Agrawal_

I do understand that once the required information has been provided directly to the
Senior Chaplain, my religious dietary request will then be reviewed and my request,
processed.

I hereby agree to abstain from all foods/substances that violate the required tenets of the
_my  HINDU (VAISHNAVA)_ _____ faith.  _Shree mohon Agrawal_
   (religion)

I hereby agree, not to have in my possession any foods/substances that violate the _POSSESSION DOES_
_NOT VIOLATE, CONSU-_
required tenets of the _HINDU (VAISHNAVA)_ _____ faith. _-PTION DOES. Shree_
   (religion)

I understand that all of my commissary purchases will be monitored by the Dietary
Department. _I DO NEED LIST OF COMMISSARY ITEM ① I am allowed &_
_② I am forbidden from purchasing from commissary. Shree mohon Agrawa_

I hereby agree not to exchange or give away my religious food or trays. I do
understand that this practice is prohibited. _WHY NOT FOR MUSLIM WHY NOT FOR ALL ?_
_SHREE AGRAWAL_ _____ _K 6977Ø_ _____ _6-24-2004_ _____
Name _____ Number _____ Date

I understand that my attendance at mealtime will be monitored and that attendance is
mandatory. I agree that I will not miss more than (3) three meals per week, without
providing written justification to the Dietary Manager. _I NEED RECEIPT FOR RETURNING MEAL SLIP_
_TO PROVE I DID NOT MISS MY MEAL_
_SHREE AGRAWAL_ _____ _K 6977Ø_ _____ _6-24-2004_ _____
Name _____ Number _____ Date

_WHY MUSLIMS ARE NOT REQUIRED TO FOLLOW THESE GUIDELINES &_
_STIPULATIONS IN ORDER TO RECEIVE PORK-FREE MEAL OF THEIR MUSLIM_
_RELIGION ?  Shree mohon Agrawal_

_ALL STIPULATION IN VIOLATION OF STATE AND FEDERAL LAWS SHALL BE NULL & VOID Shree mohon Agrawal_

_SMA- 265_

I agree to notify both the Dietary Manager and the Senior Chaplain should I choose to discontinue the religious diet program.

I *SHREE AGRAWAL*      *E69770*      *SL-1-33*
   Name            Number          Cellhouse

affirm that I do fully understand the Guidelines and Stipulations of the Religious Diet Program. And that I have signed this form voluntarily and without coercion. *ONLY NAME IS REQUIRED, NOWHERE SIGNATURE IS REQUIRED ON THIS FORM.*

Failure to comply with the Guidelines and Stipulations of the Religious Diet Program will result in the termination of your religious diet for 90 days on a first offense of non-compliance. A second offense of non-compliance will result in a termination of your religious diet for 120 days. A third offense of non-compliance will result in the loss of your religious diet indeterminately until such a time as that the Religious Practice Advisory Board can review your issues of non-compliance. *THERE IS NO RATIONAL RELATIONSHIP WITH ANY VALID PENOLOGICAL INTEREST IN TERMINATING RELIGIOUS DIET FOR ONE VIOLATION AND RESTORING AFTER 90 OR 120 DAYS OF VIOLATION CONTINUOUSLY. Shree mohan Agrawal*

This document was prepared in accordance with D.R. 425, Section 425.70 Accommodation of Religious Diets. *FED. DUE PROCESS REQUIRES PRE-TERMINATION HEARING TO ENSURE NO ARBITRARY AND ERRONEOUS TERMINATION OF RELIGIOUS DIET IS DONE. Shree mohan Agrawal*

| | | |
|---|---|---|
| Chaplain Steve Keim, Senior Chaplain II | approved | denied |
| Dietary Manager | approved | denied |
| Assistant Warden for Programs | approved | denied |

*SMA-265*

Cc:   Dietary Department
      Chapel File/Religious Diets
      Masterfile/Record Office
      Offender

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Agrawal_ _Shree_ MI ___ IDOC ___

Facility: _Menard Menard_

☑ Grievance (Local Grievance # (if applicable): _____ ) or ☐ Correspondence

Received: _03/04_      Regarding: _Release (Diet)_

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**RECEIVED**

---

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions, therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ___/___/___.

☐ No justification provided for additional consideration.

**AUG 0 9 2004**

**OFFICE OF INMATE ISSUES**

Other (specify): _If in your responsibility to get the grievances to the new officer within the time frame regardless of whether you can get supervisor._

SMA-270

Completed by: _T. Ardeau_      Signature _____      Date _10/4/04_

Distribution:  Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

_RECEIVED ON 7-13-04 (TUESDAY) BY INSTITUTIONAL MAIL. Shree Mohan Agrawal_
_WITNESS: JAKOV OSKANOV R09745      DATE: 7/13/04_
_JAKOV OSKANOV, J.  R09745_

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 0 2 - 2 7 - 2 0 0 4 | Committed Person: (Please Print) SHREE AGRAWAL | | ID#: K-69770 |
|---|---|---|---|
| Present Facility: Menard Correctional CTR. | | Facility where grievance issue occurred: | Menard Correctional Center. |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☒ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify):

- ☐ Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I was on approved religious diet program for last two years. After 2-24-04, I have been removed from it for 90 days because on two occasions I had purchased refried beans & rice from commissary. Beans & rice was being regularly served to me on my approved diet tray and my religion does not prohibit me from purchasing refried beans & rice. This action of Mr. J. Winters, Cess III and the Assistant Warden of programs is in violation of my constitutional right for freedom of exercise of religion, and other federal and state laws. I sincerely follow the dietary laws of my religion. From regular tray I cannot eat food which is in violation of the dietary rules of my religion. On the regular trays there is not sufficient food which I can eat without violating the dietary rules of my religion and stay in good health and get nutritions required by law. Documents enclosed: (1) Letter dated 2-25-04 from Shree Agrawal to Assistant Warden of Program. (2) Letter dated 2-21-04 from J. Winters. Cess III to Agrawal. (3) Letter dated 8-6-02 from Shree Agrawal to Chaplain Keim/Warden. (4) Religious diet guidelines & stipulations signed by Shree Agrawal, Chaplain Steve Keim, and A/W of Programs.

**Relief Requested:** 1. I be restored on the voluntary religious diet program immediately.  2. I be compensated at the rate of $50 per day starting from 2-25-04 until the date I am restored on the voluntary religious diet program for suffering from pain of hunger, and malnutrition.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Shree Motan Agrawal_                    K-69770                      **RECEIVED** 2004
Committed Person's Signature                                         ____ Date

(Continue on reverse side if necessary)

**RECEIVED**
**AUG 0 9 2004**
**OFFICE OF**
**INMATE ISSUES**

---

**Counselor's Response (if applicable)**

Date Received: 4 / 8 / 04

☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: When an inmate enters into a religious diet agreement, it is understood that if contract is violated in any way, for example the purchase of restricted items from the Commissary that he will be removed from the religious diet list for a period of time. Obviously the contract was violated and as a result inmate was removed for a period of 90 days.
F. Lawrence

Print Counselor's Name                Counselor's Signature        4 / 8 / 04
                                                                   Date of Response

**RECEIVED**
**MAY -- 4 2004**

---

**EMERGENCY REVIEW**

Date Received: 03 / 04 / 23

Is this determined to be of an emergency nature?   ☐ Yes: expedite emergency grievance   ☒ No: an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_Evane McOsten_                         03 / 04 / 04
Chief Administrative Officer's Signature   Date

**RECEIVED**
**JUN 03 2004**
**OFFICE OF**
**INMATE ISSUES**

**GRIEVANCE OFFICE**
**MENARD CORRECTIONAL CENTER**

Distribution: Master File; Committed Person                      Page 1                      DOC 0046 (Eff. 10/2001)
Printed on Recycled Paper                                                                    (Replaces DC 5657)

RECEIVED HAND DELIVERY ON 4-16-04 AFTER FINISHING CONFERENCES ON PHONE, WITH JUDGE PALMEYER IN COUNSELOR'S OFFICE AT ABOUT 11:30 G.M. COUNSELOR LAWRENCE DELIVERED IT. SMA - 270 - D   Shree Motan Agrawal 4-16-04

## Grievance Officer's Report

Date Received: September 23, 2004    Date of Review: September 27, 2004    Grievance #_1707-04_

**Committed Person:Agrawal, Shree**    **I.D.# K69770**    **CELL: SL 1-33**

**Nature of Grievance:** 7-B staff conduct, Counselor Lawrence

**Facts Reviewed:** All information submitted to the Grievance Officer by the inmate or institutional staff pertaining to the issue (s) being grieved has been thoroughly reviewed. Offender grieves on 3/15/04 he delivered his grievance dated 2/26/04 to Counselor Lawrence for his response. On 4/16/04 he received his grievance back with his response. His grievance was denied on 5/5/04 to Counselor Lawrence for failure to file in a timely manner. The delay was caused by Counselor Lawrence for holding his grievance for 32 days before completing it. On 7/11/04 he mailed another grievance dated 7/11/04 to Counselor Lawrence for his response as of date he has not received it back. Grievance Officer Middendorf refused to consider his grievance with out a response from his Counselor.

**Relief Requested:** Counselor Lawrence be required to admit or deny, each allegation made in this grievance and copy of his response sent to him. A hearing conducted to determine if Counselor Lawrence has violated his rights. If Counselor Lawrence is found guilty he be subjected to penalty equal to penalty for these offenses mentioned in DR 504. Grievance Officer D. Middendorf admits or denies if she had received and responded to his grievances dated 2/27/04 and 7/11/04.

**Basis for Decision:** Information received from Counselor Lawrence states Grievance Officer D. Middendorf was contacted regarding the dates in which Offender Agrawal had filed grievances concerning denial of a religious diet. She stated that she had no record of Agrawal submitting any grievances to her office in regards to this issue. A review of Agrawal's master file was conducted and did reveal that one grievance, dated 2/26/04 was present, however, it did not contain a response from either Counselor Lawrence or the Grievance Officer D. Middendorf. Counselor Lawrence can remember Offender Agrawal filing a grievance several months ago regarding his denial of a religious diet. Counselor Lawrence does not keep a record of the exact date that grievance was received form offenders assigned to his caseload. The grievance in question would have been responded to by this writer in either March or April 2004. He does recall that he contacted the Chaplaincy Department and dietary. After consulting with Chaplain Keim and Food Supervisor III Jim Winters it was determined that Offender Agrawal had violated his signed agreement concerning his religious diet. A copy of the unanswered grievance dated 2/27/04 in the master file reflects that on 12/9/03 and 2/3/04, Offender Agrawal made commissary purchases that were in violation of the items approved on the religious diet agreement, namely refried beans and rice. As a result dietary with the approval of A/W Spiller suspended Offender Agrawal from receiving his Vegan diet for a period of 90 days. As for the second grievance that Agrawal refers to, Counselor Lawrence has no knowledge of this alleged grievance ever being filed. In regards to the allegations that Offender Agrawal has made concerning his grievances being ignored or neglected, these claims are not true. All grievances that are received is reviewed and responded to by himself and the grievance officer in the time frame allowed by DR 504. This grievance officer does not find enough evidence to substantiate offender claim of staff misconduct.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that this grievance denied.

Tyone Murray
Print Grievance Officer's Name            Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

Date Received: September    2004___  ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

Charles L. Hinsley (woo)
Chief Administrative Officer's Signature        Date 10/07/04

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Shree mohon Agrawal    K69770    10-28-04
Committed Person's Signature    ID#    Date

### SUBPART F:  GRIEVANCE PROCEDURES FOR COMMITTED PERSONS

## Section 504.800  Applicability

This Subpart applies to committed persons assigned to correctional facilities within the Adult, Juvenile, and Community Services Divisions of the Department of Corrections.

(Source:  Amended at 22 Ill. Reg. _____, effective January 1, 1998)

## Section 504.802  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department of Corrections.

"Facility ADA Coordinator" means the person or persons designated by the Chief Administrative Officer to coordinate efforts of the facility in carrying out its responsibilities under Title II of the Americans With Disabilities Act of 1990 (42 U.S.C. 12101 et seq.).

(Source:  Amended at 16 Ill. Reg. 10430, effective July 1, 1992)

## Section 504.805  Responsibilities

a)   Unless otherwise specified, the Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)   No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director or Chief Administrative Officer shall personally perform the duties. However, the Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22  Ill. Reg. _____, effective January 1, 1998)

C000030

**Section 504.810   Filing of Grievances**

a)   A committed person shall first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his or her counselor. If a committed person is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the individual may file a written grievance on a grievance form which shall be made available in all living units. A grievance shall be filed within 6 months after the discovery of the incident, occurrence, or problem which gives rise to the grievance or within 6 months after the receipt of a decision concerning an informal resolution thereof. However, if a committed person can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. The grievance procedure shall not be utilized for complaints regarding decisions which are outside the authority of the Department such as parole decisions, clemency, or orders regarding length of sentence or decisions which have been rendered by the Director.

b)   The grievance form shall be addressed to the Grievance Officer and shall be deposited in the living unit mailbox or other designated repository.

c)   Staff assistance shall be available for those committed persons who cannot prepare their grievances unaided as determined by institutional staff.

   1)   All committed persons shall be entitled to file grievances regardless of their disciplinary status or classification.

   2)   Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to committed persons who are impaired, disabled, or unable to communicate in the English language.

d)   Committed persons shall be informed of the grievance procedure at the admitting facility and may request further information regarding the procedure from their counselors.

   1)   The written procedure shall be available to all committed persons.

2)    A committed person unable to speak or read the English
      language may request that the procedure be explained in the
      individual's own language.

e)    Disciplinary action or reprisals may not be taken against a
      committed person solely for using the grievance procedure. A
      committed person may submit a grievance alleging that a reprisal
      has been made against him or her.

(Source:  Amended at 22 Ill. Reg. _____, effective January 1, 1998)

## Section 504.820  Grievance Officer

a)    The Chief Administrative Officer shall appoint 2 or more employees
      who may serve as a Grievance Officer to attempt to resolve
      problems, complaints, and grievances which committed persons have
      been unable to resolve through routine channels.

b)    No person who is directly involved in the subject matter of the
      grievance or who was a member of the Adjustment Committee that
      heard a disciplinary report concerning the grievance may serve as
      the Grievance Officer reviewing that particular case.

(Source:  Amended at 22 Ill. Reg. _____, effective January 1, 1998)

## Section 504.830  Grievance Procedures

a)    A Grievance Officer shall review grievances at least weekly,
      whenever possible, provided that one or more grievances have been
      filed.

b)    The Grievance Officer shall promptly submit a copy of any
      grievance alleging discrimination based on disability to the
      facility ADA Coordinator.  The facility ADA Coordinator shall
      conduct such investigation as deemed appropriate and make written
      recommendations to the Chief Administrative Officer for resolution
      of the grievance.

c)    A committed person may be afforded an opportunity to appear before
      the Grievance Officer.  The Officer may call witnesses as deemed
      appropriate.

SMA-419

C000032

d)  The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within 30 days after the grievance is received by the Officer, whenever possible.  The Chief Administrative Officer shall advise the committed person of the decision in writing within 15 days after receiving the Officer's report, whenever possible.

(Source:  Amended at 22 Ill. Reg. _____, effective January 1, 1998)

## Section 504.840   Emergency Procedures

A committed person may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

a)  If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the committed person, the grievance shall be handled on an emergency basis.

b)  The Chief Administrative Officer shall respond to the committed person within 3 days after receipt of the grievance, whenever possible, indicating what action shall be or has been taken.

(Source:  Amended at 22 Ill. Reg. _____, effective January 1, 1998)

## Section 504.850   Appeals

a)  If, after receiving the response of the Chief Administrative Officer, the committed person still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after receipt of the response.  Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

b)  The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board.  If it is determined that the grievance is without merit or can be resolved without a hearing, the committed person shall be advised of this disposition, in

C000033

writing, within 60 days after receipt of the grievance, whenever possible.

c)  A two-member Administrative Review Board shall be appointed by the Director. At least one member of the Board shall be an individual not employed by the Department, whenever possible. The Department member shall be designated as chairperson.

d)  The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances. The Board may call witnesses or examine records at its discretion.

e)  The Administrative Review Board shall submit to the Director a written report of its findings and recommendations within 60 days after receipt of the grievance, whenever possible.

f)  The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 15 days after receipt of the Board's report, whenever possible. The committed person shall be sent a copy of the Director's decision.

g)  In those instances where a committed person is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall submit its recommendation within 22 days after receipt of the grievance, whenever possible.

(Source: Amended at 22 Ill. Reg. _____, effective January 1, 1998)

**Section 504.860  Records**

Records regarding the filing and disposition of grievances shall be maintained in the committed person's master file.

(Source: Amended at 22 Ill. Reg. _____, effective January 1, 1998)

**Section 504.870  Direct Review by Administrative Review Board**

a)  Committed persons shall submit grievances directly to the Administrative Review Board when grieving:

1)    Decisions regarding protective custody placement, including continued placement in or release from protective custody.

2)    Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the committed person is currently assigned.

3)    Other issues except personal property issues which pertain to a facility other than the facility where the committed person is currently assigned.

b)    The Administrative Review Board shall submit its recommendation within 30 days of receipt of the grievance, whenever possible.

(Source:  Amended at 22 Ill. Reg. _____, effective January 1, 1998)

C000035

STATE OF ILLINOIS        )
                         )
COUNTY OF WILL           )

## AFFIDAVIT of KENNETH R. BRILEY

I, Kenneth R. Briley, being first duly sworn upon oath, depose and state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am the Warden at the Stateville Correctional Center ("Stateville") and have held this position since July 1, 2000. Prior to assuming my current position, I was the Chief Administrative Officer of the Illinois Youth Center-Joliet from March 16 through June 30, 2000. From May 1, 1999 through March 15, 2000, I was the Deputy Commander of Agency Operations, with statewide responsibility for, among other matters, Security Review Teams, Investigations and the Transfer Coordinators Office. Prior to that, I was the Security Specialist for Statewide Operations in April 1999. I served as Chief of Security II from April 1998 through April 1999, and Major from February through April 1998 at Stateville. I was a Correctional Captain at Stateville and a Correctional Lieutenant and Sergeant at Joliet Correctional Center ("Joliet"). I began my employment with the Illinois Department of Corrections as a Correctional Officer at Joliet on June 15, 1981.

2. As Warden, I am responsible for the overall operation of the Stateville Correctional Center, a maximum-security facility that houses approximately 2,800 male felons and employs a staff of over 1300 persons. It is a Level 1 facility, the highest of 8 security level designations for prisons statewide. Most of Stateville's population has been convicted of Class X, Class 1 and 2 felonies. Many have predatory personalities.

3. Stateville was opened in 1925 with a design capacity of 1,506. Now housing approximately 2,800 inmates daily, security is a major and continuing concern. Stateville also processes approximately 2200 inmates monthly through the new Reception and Classification center on grounds.

4. Stateville has eleven housing units. Virtually 100% of the general population is double celled. The segregation population is virtually completely double celled as well.

5. Security staff are assigned to each unit for the three shifts of 7:00 a.m. to 3:00 p.m., 3:00 p.m. to 11:00 p.m. and 11:00 p.m. to 7:00 a.m. Approximately 400 security staff work the 7:00 a.m. to 3:00 p.m. shift, 300 work the 3:00 p.m. to 11:00 p.m. shift, and 200 work the 11:00 p.m. to 7:00 a.m. shift.

6. The staff of each shift not only directly supervise inmates, but also provides other facility security such as manning the armory, sally ports, the gatehouse where visitors enter, and they also transport inmates on writs to Court and hospitals.

7. As the Warden of Stateville, I have two assistant wardens: The Assistant Warden of Programs, who is responsible for health care services, chaplaincy services, laundry, and industries, among others; and the Assistant Warden of Operations who is responsible for safety and security concerns, dietary, tools and maintenance and the cell houses. Any correspondence received in my office may be reviewed by my administrative staff and referred to the assistant wardens or other appropriate staff for responses.

8.     Upon inquiry, there are currently over 7,000 civil lawsuits pending against Department employees in federal and state court. Approximately 500 new civil lawsuits are filed by inmates each year. In many of these suits, I am named a defendant solely by virtue of the positions I held. If my personal attendance were required at depositions, or as a witness at trial, in each of

these matters, I would be unable to effectively manage facility operations and address critical facility needs.

9.    In addition to the enormous volume of litigation filed by inmates each year, inmates have an opportunity to file grievances at Stateville, whenever they have concerns regarding their conditions of confinement. According to Department Rule 504, the inmates may file grievances with their counselor. The counselor then reviews the grievance to determine whether it has any merit. Once the counselor makes a determination, he returns the grievance to the inmate with his findings noted on the grievance in writing. If the inmate is not satisfied with the counselor's response, he can appeal the decision to the grievance officer. Once the grievance officer has reviewed the counselor's response, the grievance is reviewed by the Warden or his designee.

10.    The inmates at Stateville were filing, during the relevant time period, an estimated average of 350 to 400 grievances per month. If I were to personally review the grievances filed by the inmates at Stateville, I would be unable to effectively manage facility operations and address critical facility needs.

11.    The grievance procedure for the Illinois Department of Corrections is established in Department Rule 504, which states that, "Unless otherwise specified, the Director or Chief Operating Officer [Warden] may delegate responsibilities stated in this subpart to another person or persons or designate another person or persons to perform the duties specified." Department Rule 504 §504.805.

12.    All mail that is sent to me is stamped when received by my office. My secretarial staff reviews the mails and logs the action taken on the correspondence. Most of the correspondence is sent to the area or individual responsible for the area addressed in the correspondence. The individual who the correspondence is sent to may be asked to review the correspondence,

provide a response to me, or take appropriate action. My secretarial staff initials and dates the correspondence they send out to various individuals. Additionally, the information is logged and recorded.

13.     Emergency grievances that are sent to the Warden's Office are forwarded to Carmen Ruffin, the Grievance Officer for Stateville Correctional Center. The Grievance Officer stamps the Emergency Grievance and forwards the Emergency Grievance to the Assistant Warden of Programs.    The Assistant Warden of Programs has been designated by me to review the emergency grievance, prepare a response and sign my name on the response. A non-emergency grievance would be handled by the counselor initially and if it could not be resolved it would be sent to the grievance officer. The Assistant Warden of Programs, as my designee, would review the non-emergency grievance, grievance officer's recommendation, and sign my name.

14.     Grievances regarding religious services and religious diets would be reviewed by the Assistant Warden of Programs. The Assistant Warden of Programs has the responsibility of overseeing Chaplaincy Services and religious issues, among all of his other duties. He would review any grievances related to religious issues and was empowered by me to prepare a response and to sign my name to the response.

15.     Correspondence from the Administrative Review Board is routinely sent to my office. Again, my secretarial staff reviews the correspondence and files the correspondence. I only see a few pieces of correspondence that are an issue of a sensitive nature and require unique action.

16.     I have reviewed Plaintiff's grievance from January 31, 2001 and have determined that I did not personally sign off on any of that grievances. It was signed off as reviewed by my designee.

SMA - 1291

17.     I am not personally aware of the grievance filed by the Plaintiff or any of the allegations raised by the Plaintiff in his Second Amended Complaint, other than having reviewed the grievance with regard to responding to discovery and pleadings in *Agrawal v. Briley* 02 C 6807.

18.     According to the inmate's master file with regard to the January 31, 2001 grievance, it was sent to the counselor for his response and forwarded to the Grievance Office on February 6, 2001. The Grievance Officer returned it to the Counselor on February 7, 2001 because, in the Grievance Officer's assessment, the inmate had not followed the requirements of Department Rule 504, requiring inmates to try and resolve issues prior to the filing of grievances. It appears from the information and documents pertaining to the grievance that the inmate was advised on multiple occasions by the Chaplain that if he provided a letter from his faith leader stating that he is a member of the Hindu faith and that Hindus require a particular diet, that he would be given a religious diet. There is nothing in the documentation to indicate that Plaintiff ever provided such documentation.

19.     The inmate started sending correspondence to the Wardens Office in June, 2001. The Correspondence log indicates that letters were received on June 1, 2001, June 14, 2001 July 16, 2001 and August 31, 2001. The log indicates that each of those letters was responded to in a timely fashion and that the response was to refer the matter to the Grievance Office to ascertain the status of the review of the grievance. Without a review of the Grievance Officer, the Warden has nothing to review.

20.     On August 31, 2001, my office received correspondence from the Administrative Review Board requesting a review of the grievance. The grievance indicates that it was reviewed by the Grievance Officer on September 20, 2001 and that my designee signed off on the Grievance

SMA - 427

Officer's response on the following day. All responses to the grievance were in compliance with the requirements of Department Rule 504, governing the grievance process.

21.    It appears that the inmate failed to comply with the requirement of Department Rule 425 that he provide verification of his religious faith and of the need for a religious diet. Department Rule 425 does not create a substantial burden on the exercise of any inmate's religion. Had he provided the information to the Chaplain, he would have been granted the religious diet pursuant to the rule, and would have been able to remain on the diet so long as he complied with Department Rule. Inmate Agrawal was not denied a religious diet by the Chaplain at Stateville or by me.

22.    Department Rule 425 is applied to all inmates of all faiths equally. All are required to provide the same documentation from faith leaders if they are requesting a religious diet. The reason for the requirement is to assist in the management of the Dietary Department, as there is the potential for a special diet request from any of the inmates practicing the various religions and the only way to manage the cost of providing the foods necessary, as well as managing the amounts of food necessary for those with special religious needs necessitates having a system in place to monitor dietary needs and supplies.

23.    There is a valid penological interest in having a rule requiring inmates to submit a request for a religious diet to protect economic resources and to prevent inmate manipulation of the system. There is also a valid security interest in controlling inmate access to a vegetarian diet as if the prison were required to keep large quantities of fruits, vegetables and grains on hand, along with problems of cost and difficulty in storage, there is a potential for problems with security from the prisoners, including Plaintiff fermenting the fruit into alcohol.

*Kenneth R. Briley*

Kenneth R. Briley

SUBSCRIBED and SWORN TO
before me this 12th day of
March, 2004.

*Kendra E. Carls*

NOTARY PUBLIC

"OFFICIAL SEAL"
Kendra E. Carls
Notary Public, State of Illinois
My Commission Expires 05/03/05

State of Illinois - Department of Corrections
**DISCIPLINARY REPORT**

Page ____ of ____

☐ Disciplinary Report __12·29·04__    ☐ Investigative Report _____
                        Date                                        Date

Committed Person: AGRAWAL, SHREE   No. K69770   Facility: MENARD C.C.

Observation Date: 12-29-04   Time: APPROX. 8³⁵   ☑ am ☐ pm  Location: BUREAU OF IDENTIFICATION

J. DIERCKS   C/DT   _____   12-29-04   9¹⁵
PRINT Employee's Name          Employee's Signature/Time

Offense: 504 B
A  302 DAMAGE OR MISUSE OF PROPERTY
B  311 FAILURE TO SUBMIT TO MEDICAL OR FORENSIC TESTS
C  403 DISOBEYING A DIRECT ORDER

Observation: ON THE ABOVE DATE AND TIME THIS REPORTING EMPLOYEE GAVE INMATE AGRAWAL
K69770 A DIRECT ORDER TO PROVIDE A DNA SAMPLE ACCORDING TO A.D. 04.01.360
USING A BUCCAL SWAB KIT. AGRAWAL REFUSED TO PROVIDE THE DNA SAMPLE, TOSSING
THE STERILE COLLECTION SWABS ONTO THE COUNTERTOP, RUINING THE DNA KIT.
MAJOR N. JAENKE WAS CONTACTED AND DIRECTED LT. C. PARNELL TO ESCORT
INMATE AGRAWAL TO THE HEALTH CARE UNIT FOR A DNA BLOOD DRAW. COST
OF THE RUINED KIT WAS $1.48. END OF REPORT

Witnesses, if any: C/DT S. DILLMAN, LT C. PARNELL

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement   ☐ Investigative Status   Reasons: _Nature of charges_

Maj Jaenke   Maj Jaenke   12-29-04
PRINT Name        Shift Supervisor's Signature and Date
                  (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer   Comment: _inmate action_
_____                        _____
PRINT Name                                      Signature/Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
_____                        _____  12-29-04
PRINT Name                                      Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator:
(Adult Division Major Reports Only)   PRINT Name          Signature and Date

## PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

## PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____          Committed Person Refused to Sign ☐
Committed Person's Signature and Number

L. LITTHERT                  _____   12-30-04   8¹⁵  ☐ am ☑ pm
PRINT Serving Employee's Name   Serving Employee's Signature   Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Case 3:06-cv-00945-GPM-CJP STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS Page ID #84
Case 3:06-cv-00945-GPM-CJP Document 1-8 Filed 11/01/2005 Page 14 of 39

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| **Name:** AGRAWAL, SHREE | | **IDOC Number:** K69770 | **Race:** ASN |
| **Hearing Date/Time:** 1/3/05  09:45 AM | | **Living Unit:** MEN-N2-01-55 | **Orientation Status:** N/A |
| **Incident Number:** 200404230/1 - MEN | | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 12/29/04 | 200404230/1-MEN | PARNELL, CHARLES R | BUREAU OF IDENTIFICATION | 09:00 AM |
| 12/29/04 | 200404230/2-MEN | DIERCKS, JAMES L | BUREAU OF IDENTIFICATION | 08:35 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 403 | Disobeying A Direct Order | Guilty |
| 202 | Damage Or Misuse of Property | Guilty |
| 311 | Failure To Submit To Medical Or Forensic Test | Guilty |
| | Comments:REFUSED DNA TEST PER A.D. 04.01.260 | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| | | | |

### RECORD OF PROCEEDINGS
I/M AGRAWAL PLED NOT GUILTY TO THE CHARGES STATING "I WAS TOLD IT WAS VOLUNTARY.  I TOLD THEM I
WANTED TO CONSULT MY ATTORNEY BEFORE I SUBMITTED TO THE DNA TEST".

### BASIS FOR DECISION
BASED ON I/M'S PARTIAL ADMISSION OF GUILTY BY STATING "I TOLD THEM I WANTED TO CONSULT MY
ATTORNEY BEFORE I SUBMITTED TO THE DNA TEST".  ALSO BASED ON R/E'S OBSERVATION THAT I/M WAS
ORDERED TO PROVIDE A DNA SAMPLE ACCORDING TO A.D. 04.01.260 USING THE BUCCAL SWAB KIT. I/M
REFUSED TO PROVIDE THE DNA SAMPLE, TOSSING THE STERILE COLLECTION OF SWABS ONTO THE
COUNTERTOP, RUINING THE DNA KIT.  LT. PARNELL THEN RESPONDED AND GAVE I/M A DIRECT ORDER TO
ALLOW HIS DNA TO BE TAKEN BY SWABBING I/M'S INNER CHEEK.  I/M REFUSED THIS ORDER.  I/M WAS THEN
RESTRAINED AND TAKEN TO THE HCU FOR BLOOD TO BE DRAWN TO OBTAIN DNA.  WITNESSED BY S.
DILLMAN, I/M WAS I.D.'D BY I.D. CARD.

### DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| Restitution of $ 1.48 Paid to MENARD C.C. | Restitution of $ 1.48 Paid to MENARD C.C. |
| 3 Months Commissary Restriction | 3 Months Commissary Restriction |
| 3 Months Audio/Visual Restriction | 3 Months Audio/Visual Restriction |
| 1 Months Yard Restriction | 1 Months Yard Restriction |

### Signatures
#### Hearing Committee

WILSON, ANDREW N - Chair Person

_(signature)_ 4/83

Signature / Date — WHI — Race

LOCKE, MICHAEL R

_(signature)_ 3/4?

Signature / Date — BLK — Race

Recommended Action Approved

### Final Comments: N/A

ALAN M UCHTMAN / WPS  1/5/05

Chief Administrative Officer

_(signature)_ Alan Uchtman  01/07/05

Signature — Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

REBECCA A COWAN

Employee Serving Copy to Committed Person

1/7/05    08:00 AM

When Served - - Date and Time

ON 1-11-05 at 18:00 Received

SMA - 508



**Rod R. Blagojevich**
Governor

## Illinois

### Department of

## Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

November 19, 2004

Shree Agrawal
Register No. K69770
Menard Correctional Center

Dear Mr. Agrawal:

This is in response to your grievance received on November 1, 2004, regarding Staff Conduct (Grievances forwarded to Counselor Lawrence on March 15, 2004 and a second grievance dated July 11, 2004, and grievances you claim to have fillled out on Februray 27, 2004 and May 5, 2004, and allegedly mishandled by Grievance Officer Debbi Middendorf), which are alleged to have occurred at Menard Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

In your grievance you write that grievances filed by you on February 27, 2004 and May 5, 2004 were removed or destroyed in the Grievance Office.  You also allege that a grievance dated July 11, 2004 was not reviewed by Counselor Lawrence and that the counselor frequently destroys or fails to respond to grievances.  However, you provide no additional dates other than the July 11, 2004 allegation.

The Grievance officer's report 1707-04 and subsequent recommendation dated September 27, 2004 and approval by the Chief Administrative Officer on October 7, 2004 have been reviewed.  A copy of the unanswered grievance dated February 26, 2004 was located in your master file.  A review of the Grievance Officer's report indicates you were removed from the religious (Vegan) diet for a period of 90 days due to purchase of commissary items not consistent with that diet. Counselor Lawrence claims no knowledge of the July 11, 2004 grievance you claim to have filed.

It is noted that you were placed back on the Vegan diet on September 27, 2004 in the program assignment history indicated in the IDOC Offender Tracking System.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  Allegations of staff misconduct are not substantiated. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Brian K. Fairchild
Administrative Review Board
Office of Inmate Issue

CONCURRED: _____
Roger E. Walker Jr.
Director

SMA-512

cc:   Warden Charles Hinsley, Menard Correctional Center
Shree Agrawal, Register No. K69770
Chron. File

ON 2-23-05 RECEIVED AS PRIVILEGED MAIL IN AN UNSTAMPED
ENVELOP OF EDOC. ENVELOP WAS SEALED, LIGHTLY.          SHREE



## OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

May 7, 2004

Inmate Shree Agrawal (K-69770)
Menard Correctional Center
P.O. Box 711
Menard, IL 62259

Re:   *Agrawal v. Briley, et al. 02 C 6807*

Dear Mr. Agrawal:

I have received authority from chief counsel of the Illinois Department of Corrections in order to settle the above referenced matter. The following is the extent of the authority I have received and is in response to your initial demands from April 18 and April 19, 2004:

1.   The Department is willing to pay you $499.99 to settle the above referenced case. The reason for this figure is that the Crime Victims Asset Recovery Act requires notification to the victim of your crime of any award over $500.00. (See 735 ILCS 5/13-202.1(d)). The Act requires that the IDOC notify the State's Attorney of the county in which Plaintiff was convicted of his crime within 14 days of any settlement, verdict or judgment in excess of $500.00;

2.   In addition, providing you procure the necessary letter from a faith representative, confirming you are a member of the Hindu faith and that a vegetarian diet are required under the Hindu faith, you will be eligible for the vegetarian diet available to inmates at Menard Correctional Center, the vegan diet. It is my understanding from speaking to Chaplain Keim that you have been given the contact information for a Hindu Temple in St Louis as well as the name of a Hindu faith representative. Once you have contacted the faith representative at the information you have been provided, and the letter has been received by Chaplain Keim, you will receive your religious diet.

500 South Second Street. Springfield, Illinois 62706 • (217) 782-1090 • TTY (217) 785-2771 • Fax (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY (312) 814-3374 • Fax (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY (618) 529-6403 • Fax (618) 529-6416

SMA - 516

3.    With regard to the calculator, graphic calculators are not sold to inmates within the Illinois Department of Corrections. The reasons that they are not sold to inmates involve issues of security. There is, however a non-graphic calculator available through the commissary at Menard Correctional Center which would be available and that you could purchase with the above mentioned $499.99, should you accept the terms of settlement.

4.    With regard to the issue of a razor with a trimmer on it, all trimmers have been or are being confiscated from inmates within the IDOC. The trimmers have been found to be able to cut metal, which can then be used as weapons. There is a Norelco electric shaver which is not contraband that is available at the commissary at Menard. It sells for $47.43. If you accept the terms of the counter offer to settlement, you could use the funds to purchase the non-contraband electric shaver.

5.    The settlement would require no entry of judgment against the Defendants, and would of course remain confidential.


If you have any questions about the foregoing or need any clarification, please feel free to contact me. I will send a copy of your demands as well as this counter offer to Judge Pallmeyer so she has the information available for our telephone conference on Wednesday, May 12, 2004.


Very truly yours,

*Andrew W. Lambertson*

ANDREW W. LAMBERTSON
Assistant Attorney General
General Law Bureau
100 West Randolph Street
13th Floor
Chicago, Illinois 60601
312-814-1187

SMA-516

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** February 4, 2005    **Date of Review:** June 22, 2005    **Grievance #** (optional): 31-02-05

**Offender:** Agrawal, Shree                                            **ID#:** K69770

**Nature of Grievance:** DR issued on 12/29/04 by CIDT J. Diercks for 202 Damage Or Misuse Of Property, 311 Failure to Submit To Medical Or Forensic Test and 403 Disobeying A Direct Order and by Lt. C. Parnell for 403 Disobeying A Direct Order.

**Facts Reviewed:** Offender Agrawal is grieving DRs issued on 12/29/04 as listed above by CIDT Diercks and Lt. Parnell. The Offender is grieving that he sent in a request for witnesses and numerous items of information to "prepare his defense" by having C/O D. Bryant place his request in the mail box. He states the Adjustment Committee stated they did not receive his request and refused to interview two unknown inmates that were in the area. They disregarded his testimony and found him guilty anyway. He further grieves that he understood the test to be voluntary and he wanted to consult with his attorney and, when denied that, wanted to write that information on the form before signing it. He also complains that he attempted to call for help on 01/16/05 when his cellie had a seizure and help was slow in coming. He requests 1) investigation for possible Federal Due Process Violations, 2) results of the above investigation be provided to him, 3) disciplinary action against person who accidentally broke his first DNA test (tube, 4) to be moved to another cell where he and his cellie can easier call for help if his cellie has another seizure.

According to the above DR issued on 12/29/04 by CIDT Diercks, he gave Offender Agawal K69770 a direct order to provide a DNA sample according to A.D.04.01.260 using a Buccal swab kit. He states "Agrawal refused to provide the DNA sample tossing the sterile collection swabs onto the countertop, ruining the DNA kit." The offender had been brought to B of I by Lt Parnell who identified Offender Agrawal by his ID card. This was witnessed by CIDT S. Dillman

According to the above DR issued on 12/29/04 by Lt. Parnell, he "...gave inmate Agrawal a direct order to allow his DNA to be taken by swabbing his inner cheek. This inmate did refuse this order. This inmate was cuffed and take(n) to the H.C.U. and blood was drawn to obtain DNA. ID made by ID."

Per the Adjustment Committee Final Summary Report, Offender Agrawal #K69770 appeared before the Committee on 01/03/05 and pled not guilty, stating "I was told it was voluntary. I told them I wanted to consult my attorney before I submitted to the DNA test." He was found guilty "Based on I/M's partial admission of guilty by stating 'I told them I wanted to consult my attorney before I submitted to the DNA test.' Also based on R/E's observation that I/M was ordered to provide a DNA sample according to A.D.04.01.260 using the Buccal swab kit. I/M refused to provide the DNA sample, tossing the sterile collection of swabs onto the countertop, ruining the DNA kit. Lt. Parnell then responded and gave I/M a direct order to allow his DNA to be taken by swabbing I/M's inner cheek. I/M refused this order. I/M was then restrained and taken to the HCU for blood to be drawn to obtain DNA. Witnessed by S. Dillman. I/M was I.D.'d by I.D.card." Discipline was 3 months C grade, Segregation, Commissary Restriction; Audio/Visual Restriction; 1 month Yard Restriction; and Restitution of $1.48 paid to Menard CC.

**Recommendation:** Based on a total review of all information available, this Grievance Officer finds no violation of offender's due process rights and recommends the offender's grievance be denied. The Adjustment Committee relied on sufficient evidence to be reasonably satisfied offender was guilty of the infractions.

Jerry Goforth, CC II
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** June 22, 2005        ☑ I concur    ☐ I do not concur    ☐ Remand

**Comments:**

Alan Uchtman Sr.                    6/24/05
Chief Administrative Officer's Signature                    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature                    ID#                    Date

SMA - S24

RECEIVED ON 6-24-05 THROUGH REGULAR INSTITUTIONAL MAIL

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

Page _1_ of _1_

☒ Disciplinary Report _12-29-04_ Date  ☐ Investigative Report _____ Date

Committed Person: _Agrawal, Shree_  No. _K69770_  Facility: _Menard C.C._

Observation Date: _12-29-04_ Time: _Approx 9:00_ ☐am ☐pm Location: _Bef I Unit at Menard_

_Lt. C Parnell #3988_ K4-57  _J Parnell #3988 K4-57_
PRINT Employee's Name  Employee's Signature/Date/Time

Offense: 504 A _#403 Disobeying a Direct Order._
       B
       C

Observation: _On the above date and approx time this Lt. gave_
_inmate Agrawal a direct order to allow his D.N.A. to be taken_
_by swabbing his inner check. This inmate did refuse this_
_Order. This inmate was Cuffed and take to the_
_H.C.U. and blood was drawn to obtain D.N.A. I.D._
_made by I.D._

Witnesses, if any: _____

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement  ☐ Investigative Status  Reasons: _Nature of offense_

_Maj. A Frticks_  _Maj Ruark 12-29-04_
PRINT Name  Shift Supervisor's Signature and Date
  (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer  Comment: _____  _J Poneu_
_Maj Jenke_  _Maj Jenke 12-29-04_
PRINT Name  Signature/Date

☒ MAJOR, submitted to Adjustment Committee  ☐ MINOR, submitted to Program Unit

_Maj Jenke_  _Maj Jenke 12-29-04_
PRINT Name  Reviewing Officer's Signature and Date

☒ Reviewed by Hearing Investigator  _C Dawn_  _12-31-04_
(Adult Division Major Reports Only)  PRINT Name  Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____  Committed Person Refused to Sign ☒
Committed Person's Signature and Number

_WITTHOFF_  _C Witthoff_  _12-30-04_  _8:5_ ☐am ☐pm
PRINT Serving Employee's Name  Serving Employee's Signature  Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____  _____
  Committed Person's Signature and Number

— — — (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING) — — —

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____ Date

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

_____
Committed Person's Name and Number

DC 7205 (Rev. 4/89)  Distribution: 1) Master File; 2) Committed Person;
IL 426-0361  3) Facility; 4) Facility

_Received on 7-20-05 by institutional mail after_
_a request for it was mail to Counselor B Mueller_

_SMA-526_