# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHREE M. AGRAWAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 06-cv-945-GPM ) |
| ANDREW W. LAMBERTSON, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This action was first filed in the Northern District of Illinois. That court dismissed several claims that related to Plaintiff's prior litigation, as well as many that were time-barred. In addition, Defendants Lambertson, Briley, Peterson, Davis, Catchings, Schonauer, Ruffin, Walls, McAdory, Hinsley, Uchtman, Middendorf, Murray, and Goforth were dismissed before the action was transferred to this District. The remaining claims were then summarized as such:

> The remaining claims arose while the plaintiff was housed at Menard Correctional Center and concern the conduct or *[sic]* employees at that institution. These claims include forgery and conspiracy to commit forgery by defendants when the designees of wardens and other IDOC official signed grievances filed by the plaintiff; violation of the plaintiff's right to practice his religion and conspiracy thereof when he was removed from an approved religious diet some time in 2004; robber and conspiracy to commit robbery, as well as violation of the plaintiff's due process rights and conspiracy to deprive the plaintiff of due process, when samples of the plaintiff's DNA were taken at the end of 2004 and again in 2005; obstruction of the plaintiff's efforts to exhaust the administrative grievance procedure, and conspiracy thereof in 2001, 2002, and 2004; and unspecified official misconduct by all defendants.

This Court's first task, therefore, is to identify which of these remaining claims relates to each of the Defendants.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Walker, Snyder, McAdory, Hinsley, Uchtman, Briley, Lambertson, and Does I-V for forgery (¶¶ A1-11).[1]

**COUNT 2:** Against Defendants Lambertson, Briley, Peterson, Davis, and Keim for fraudulent conspiracy (¶¶ B1-5).

**COUNT 3:** Against Defendants Lambertson, for extortion (¶¶ C1-13).

**COUNT 4:** Against unspecified defendants, challenging the constitutionality of 735 ILSC 5/13-202.1 (¶¶ D1-11).

**COUNT 5:** Against Defendants Keim, Snyder, Walker, Spiller, Lawrence, Winters, Fairchild, and Doe VIII for interference with his religious practices (¶¶ E1-14).

**COUNT 6:** Against Defendants Doe IX, Walker, Briley, McAdory, Hinsley, Uchtman, Jaenke, Diercks, Parnell, Dillman, Doe X, Doe XI, Maue, Wilson, Lock, Martin, Goforth, Doe V, Doe VI, Fairchild for robbery (¶¶ F1-18).

**COUNT 7:** Against Defendants Walker, Uchtman, Jaenke, Maue, Martin, Parnell, Doe XI, Wilson, Locke, Goforth, Doe V, Doe VI, Fairchild, Doe I for procedural due process violations (¶¶ G1-26).

**COUNT 8:** Against Defendants Briley, Walker, Lawrence, Middendorf, McAdory, Hinsley, Uchtman, Murray, Fairchild, Joe I, Doe III, Doe IV, Doe VI, and Doe VIII for obstructing the administrative grievance process (¶¶ H1-11).

---

[1] Plaintiff's specific claims begin on page 10 of the complaint (Doc. 1). Unless otherwise specified, the paragraph references are to the paragraph numbers beginning on page 10.

**COUNT 9:** Against Defendants Goforth, Schonauer, Ruffin, Griffin, Walker, Briley, McAdory, Hinsley, Uchtman, Doe I, Joe II, Doe III, Doe IV, Doe VI, Doe VIII, Fairchild and Catching for violation of Illinois Department of Corrections ("I.D.O.C.") rules (¶¶ J1-17).

**COUNT 10:** Against Defendants Lambertson, Keim, Peterson, Briley, Snyder, Walker, McAdory, Hinsley, Uchtman for violation of equal protection (¶¶ K1-18).

**COUNT 11:** Against unspecified defendants for official misconduct (¶¶ L1-11).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

<u>COUNT 1</u>

In his first claim, Plaintiff charges that the Doe Defendants willfully forged signatures of wardens and other administrators on responses to Plaintiff's various grievances. He invokes 720 ILCS 5/17-3 as basis for this claim, arguing that Defendants are criminally liable for conspiring to forge signatures on these documents.

It is well settled that criminal statutes do not provide for private civil causes of action. *See*

*generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Therefore, Plaintiff has no standing to bring these charges against Defendants. Accordingly, Count 1 is dismissed from this action with prejudice.

## COUNT 2

In his second claim, Plaintiff alleges that Defendants perpetrated a fraud with regard to various documents filed in another case he litigated against I.D.O.C. officials. The Northern District dismissed this claim, stating that those claims "should be addressed in that case or by filing a direct appeal at the close of the case." Therefore, this Court need not consider this claim further.

## COUNT 3

In this claim, Plaintiff once again invokes criminal statutes, charging that Defendants conspired to commit extortion against him in connection with a settlement agreement in his other litigation against the I.D.O.C. As discussed above with Count 1 and Count 2, Plaintiff has no standing to bring charges under a criminal statute, and any claims relating to his other litigation were already dismissed by the Northern District. Therefore, this Court need not consider this claim further.

## COUNT 4

Plaintiff next challenges the constitutionality of the state statute that requires the I.D.O.C. to notify the State's Attorney in the county in which an inmate was convicted anytime that inmate receives a verdict or settlement from the I.D.O.C. in excess of $500. *See* 735 ILCS 5/13-202.1. Plaintiff argues that this statute violates equal protection because it only requires notification of funds received from the I.D.O.C., but does not require notification of funds received by an inmate from any other source. Thus, he claims that inmates who receive funds in settlement from the I.D.O.C. are treated differently than inmates who receive funds from other sources.

This claim is directly related to his claim in Count 3. Essentially, he argues that in his prior litigation, there was an attempt to coerce him to settle the action for less than $500, specifically so that the victims of his crimes would not receive notification of the settlement. Because the Northern District dismissed all claims that were related to that prior litigation, this Court need not consider this claim further.

**COUNT 5**

Plaintiff states that he practices the Hindu religion. One of the tenets of his religion requires him to adhere to a lacto-vegetarian diet, one that prohibits consumption of meat, fish, poultry, and eggs. Plaintiff filed a written request to be provided with a lacto-vegetarian diet; he alleges that Defendant Keim approved him for a vegan diet, one that is mandated by the Black Hebrew Israelite religion. Plaintiff claims that such a variation on his required diet is a violation of his rights under the First Amendment. Plaintiff next states that for no stated reason, Defendant Winters removed Plaintiff from that approved diet. Plaintiff filed a series of grievances over these matters, but those grievances were denied by Defendants Lawrence, Fairchild, Snyder, Walker, and Doe VIII.[2] He alleges that all these actions were done in conspiracy to interference with Plaintiff's right to observe his religion.

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It

---

[2] Plaintiff mentions others in connection with this claim. However, those other individuals – Lambertson, Briley, Middendorf, Peterson, Spiller, McAdory, Hinsley, and Uchtman – were dismissed from this action by the Northern District. Therefore, they are not to be considered defendants in this claim.

is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases).

However, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Accordingly, at this time, the Court is unable to dismiss Plaintiff's First Amendment claims regarding interference with his religious diet as to Defendants Keim and Winters. However, Defendants Walker, Snyder, Lawrence, Fairchild, and Doe VIII are dismissed from this action with prejudice.

### COUNT 6

In this claim, Plaintiff charges that Defendants robbed him of his DNA, in violation of an Illinois felony statute. As explained above with Count 1, criminal statutes do not provide for private civil causes of action. Therefore, Plaintiff has no standing to bring these charges against Defendants, and Count 6 is dismissed from this action with prejudice.

### COUNT 7

After Plaintiff refused to comply with the request for a DNA sample, he received a disciplinary ticket for that refusal. He was found guilty and punished with three months in segregation, three months at C-grade, three months of commissary and audio-visual restriction, a month of yard restriction, and restitution of $1.48 for the DNA sample kit he ruined. In this claim, he alleges that he was denied proper due process in this proceeding.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for three months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit, and Count 7 is dismissed from this action with prejudice.

## COUNT 8

Plaintiff next claims that Defendants have obstructed his efforts to exhaust his administrative remedies. He further alleges that this obstruction is a deliberate attempt to prevent inmates from exhausting those remedies as required by federal statute.

The Illinois Administrative Code sets forth the grievance procedures to be followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution.[3] If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, within fifteen days, "whenever possible," and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance.

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the I.D.O.C. within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submit a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six months after receipt of the appealed

---

[3] If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden. 20 Ill. Adm.Code § 504.840.

grievance, "where reasonably feasible."  20 Ill.Adm.Code §§ 504.810-850 (2001).

A failure to exhaust administrative remedies in a timely manner may lead to dismissal of the action without consideration of the merits, absent any waiver, estoppel and equitable tolling.  *See Ester v. Principi,* 250 F.3d 1058, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000); *White v. Bentsen*, 31 F.3d 474, 474-76 (7th Cir. 1994).  Thus, if Plaintiff was unable to exhaust his remedies due to deliberate actions by Defendants, those remedies technically would not be available to him.  Therefore, he would be able to raise that argument if Defendants were to seek dismissal of his lawsuit for failure to exhaust his remedies.  However, such alleged actions by Defendants do not give rise to a separate cause of action.  Accordingly, Count 8 is dismissed from this action with prejudice.

**COUNT 9**

Plaintiff next alleges, in conjunction with Count 8 regarding grievances, that Defendants have violated I.D.O.C. rules by failing to comply with the grievance procedures.  However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  *See also Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979) ("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.").  Therefore, Count 9 is dismissed from this action with prejudice.

## COUNT 10

Plaintiff next alleges that Defendants have denied him equal protection of the law with regard to his prior litigation. As understood by the Court, Plaintiff claims that Defendants filed false statements in court because Plaintiff was not represented by counsel in that action. He believes that had counsel been appointed for him, Defendants would have acted more ethically. Such allegations of "discrimination" are not the type contemplated by the equal protection clause. Moreover, this claim, intertwined with his other claims involving his prior litigation, was dismissed by the Northern District. This Court need not consider it further.

## COUNT 11

Finally, Plaintiff alleges, generally, that all defendants have engaged in official misconduct, in violation of 720 ILCS 5/33-3. Again, this is a criminal statute, but Plaintiff has no standing to bring these charges against Defendants. Accordingly, Count 11 is dismissed from this action with prejudice.

## PENDING MOTIONS

Plaintiff filed a motion seeking an emergency order of protection (Doc. 18). Essentially, he claims that he has been harassed by other inmates, and he believes himself to be in danger. The Court construes this motion as seeking issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard.*

Therefore, the motion for protective order is **DENIED**. It follows that Plaintiff's motion seeking a ruling on his motion (Doc. 20) is **MOOT**.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT 3, COUNT 4, COUNT 6, COUNT 7, COUNT 8, COUNT 9, COUNT 10,** and **COUNT 11** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **JAENKE, MAUE, MARTIN, WILSON, LOCKE, DIERCKS, PARNEL, WALKER, SNYDER, LAWRENCE, SPILLER, FAIRCHILD, DOE I, DOE II, DOE III, DOE IV, DOE V, DOE VI, DOE VII, DOE VIII, DOE IX, DOE X,** and **DOE XI** are **DISMISSED** from this action with prejudice.

**Only COUNT 5 remains pending in this action, against Defendants KEIM and WINTERS.**

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **KEIM** and **WINTERS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff TWO (2) USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants **KEIM** and **WINTERS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **KEIM and WINTERS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the I.D.O.C. who no longer can be found at the work address provided by Plaintiff, the I.D.O.C. shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to

Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Plaintiff is advised that the dismissal of some claims from this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**IT IS SO ORDERED.**

DATED: 3/24/08

                                            s/ *G. Patrick Murphy*
                                            G. Patrick Murphy
                                            United States District Judge