IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHREE AGRAWAL, #K-69770, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-945-GPM |
| | ) |
| STEVE KEIM and JAMES WINTERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on February 9, 2009, for a hearing on Defendants' motions for summary judgment. For the reasons expressed on the record and below, the motions are granted.

Plaintiff, Shree Agrawal, is a prisoner in the custody of the Illinois Department of Corrections. His pro se lawsuit is brought under 42 U.S.C. § 1983. On preliminary review, the Court divided his case into 11 counts, and dismissed all counts except for Count 5.[1] The Court construed the sole remaining claim as follows:

> Plaintiff states that he practices the Hindu religion. One of the tenets of his religion requires him to adhere to a lacto-vegetarian diet, one that prohibits consumption of meat, fish, poultry, and eggs. Plaintiff filed a written request to be provided with a lacto-vegetarian diet; he alleges that Defendant Keim approved him for a vegan diet, one that is mandated by the Black Hebrew Israelite religion. Plaintiff claims that such a variation on his required diet is a violation of his rights under

---

[1] This case was transferred here from the Northern District of Illinois (*see* Docs. 14 & 15). Claims against Defendants Lambertson, Briley, Peterson, Davis, Catchings, Schonauer, Ruffin, Walls, McAdory, Hinsley, Uchtman, Middendorf, Murray, and Goforth were dismissed on November 16, 2006 (*see* Doc. 14). On March 24, 2008, claims against Defendants Fairchild, Jaenkee, Lawrence, Locke, Martin, Maue, Parnel, Snyder, Spiller, Walker, Wilson, Diericks, and John Doe (I through XI) were dismissed (*see* Doc. 21).

> the First Amendment. Plaintiff next states that for no stated reason, Defendant Winters removed Plaintiff from that approved diet.

(*See* Doc. 21, pp. 5-6).

The First Amendment to the Constitution of the United States protects the "free exercise" of religion. "An inmate retains the right to exercise his religious beliefs in prison." *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005) (citing *Tarpley v. Allen County*, 312 F.23d 895, 898 (7th Cir. 2002)).

> The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden. It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds.

*Hernandez v. C.I.R.* 490 U.S. 680, 699 (1989) (internal citations omitted).

Although prisoners retain their First Amendment right to the free exercise of religion, prison officials may enforce policies and regulations which limit the exercise of religious practices. "To ensure that courts afford appropriate deference to prison officials, we have determined that prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Prison regulations or policies that impinge on an inmate's First Amendment rights are valid if they are reasonably related to a legitimate penological interest. *Shaw v. Murphy*, 532 U.S. 223, 223 (2001); *Turner v. Safley*, 482 U.S. 78, 89 (1987).

The Free Exercise Clause protects the religious practices of inmates where their religious beliefs are sincerely held. *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005). "[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others to merit First Amendment protection." *Thomas v. Review Board of the Indiana Employment Security Division*, 450

U.S. 707, 714 (1981). At the same time, prisoners' constitutional rights may be restricted by the fact of confinement and the needs of the penal institution. *See Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125 (1977). "A prisoner's right to freely exercise his religious beliefs does not depend upon his ability to pursue each and every aspect of the practice of his religion." *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir. 1996). "[A]n inmate is not entitled to follow every aspect of his religion; the prison may restrict the inmate's practices if its legitimate penological interests outweigh the prisoner's religious interests. *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Whether other avenues remain available for the exercise of the asserted right is one of the key tests of "reasonableness." *Turner*, 482 U.S. at 90.

Agrawal practices the Hindu faith. According to him, his religion mandates that he follow a vegetarian diet, but also allows him to consume dairy products.[2] Agrawal claims that he requested a lacto-vegetarian diet after he was transferred to Menard in February 2002, but he was placed on a vegan diet. Two years later, in February 2004, Agrawal was removed from the vegan diet because he bought refried beans in the commissary. The refried beans violated the vegan diet because they contain dairy products. They did not, however, violate a lacto-vegetarian diet (the type Agrawal claims he should have received), which permits the consumption of dairy products. Agrawal makes two separate claims: (1) that putting him on the vegan diet in 2002 violated his rights, and (2) that

---

[2] According to http://en.wikipedia.org/wiki/Hinduism, Hindus advocate the practice of *ahimsā* (non-violence) and respect for all life because divinity is believed to permeate all beings, including plants and non-human animals. In accordance with *ahimsā*, many Hindus embrace vegetarianism to respect higher forms of life. While vegetarianism is not a requirement, it is *recommended* for a satvic (purifying) lifestyle. Estimates of the number of lacto vegetarians in India (includes inhabitants of all religions) vary between 20% and 42%. The food habits vary with the community and region, for example some castes having fewer vegetarians and coastal populations relying on seafood. Some Hindus avoid onion and garlic, which are regarded as rajasic foods. Some avoid meat on specific holy days. Observant Hindus who do eat meat almost always abstain from beef. (Emphasis added; internal citations omitted).

discontinuing the vegan diet in 2004 also violated his rights.[3]

The Court finds that Agrawal's claim is based on a misunderstanding regarding the religious diet he requested, specifically, whether animal products were or were not permissible. According to Agrawal, he is permitted and even required to consume dairy products. It is undisputed, however, that Agrawal requested a vegetarian diet and received one. The only dispute is whether the diet should have contained dairy products. Nonetheless, there is no evidence in the record that Defendant Winters knew or should have known that Agrawal's religion mandated the consumption of dairy products. Moreover, Winters did not intentionally violate Agrawal's right to practice Hinduism. Finally, there is no evidence that Defendant Keim was personally involved in the diet decisions, and he is also entitled to summary judgment. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a [Section] 1983 action unless he caused or participated in an alleged constitutional deprivation.")

Defendants' motions for summary judgment (Docs. 31, 41) are **GRANTED**, and the Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 02/09/09

                                                s/ *G. Patrick Murphy*
                                                G. Patrick Murphy
                                                United States District Judge

---

[3] The Court notes that the complaint references the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), but the instant motions do not address a statutory claim. Nonetheless, the Court finds that there is no evidence that defendants imposed a substantial burden on Agrawal's exercise of his religion. The evidence is insufficient to support a statutory claim.